UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GERMAINE MONTES,

                        Plaintiff,

-against-

MARK MILLER (SUPERINTENDENT), et al.,

                        Defendants.

7:24-CV-4141 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

      Plaintiff Germaine Montes, who is appearing *pro se* and is currently incarcerated in the Green Haven Correctional Facility ("GHCF"), brings this action under 42 U.S.C. § 1983, seeking damages, injunctive relief, and retrospective declaratory relief. Plaintiff sues GHCF Superintendent Mark Miller, the New York State Department of Corrections and Community Supervision ("DOCCS"), as well as other defendants, including "John Doe" and "Jane Doe" defendants, and other unidentified defendants, alleged to be employed at the GHCF.

      By order dated July 12, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court: (1) dismisses Plaintiff's claims against DOCCS; (2) directs the Clerk of Court to add as defendants to the caption of this action those individuals whom Plaintiff refers to as unidentified "John Doe" or "Jane Doe" defendants but identifies them by name and/or position; (3) directs service on all of the individual identified defendants; and (4) directs the Attorney General of the State of New York to provide the Court and Plaintiff with the identities (and, if appropriate,

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

shield numbers) as well as service addresses of those defendants who are not otherwise identified.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.    Claims against DOCCS**

The Court must dismiss Plaintiff's claims under Section 1983 against DOCCS. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). "[T]he immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. (internal quotation marks and citation omitted). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). Congress has not abrogated the States' immunity for claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587,

2

594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). DOCCS is an agency of the State of New York; it is, thus, an arm of that State and enjoys Eleventh Amendment immunity. *E.g.*, *Gibson v. Pasta City*, No. 1:23-CV-9112 (LTS), 2023 WL 8188431, at *2 (S.D.N.Y. Nov. 27, 2023).

The Eleventh Amendment therefore precludes Plaintiff's claims under Section 1983 against DOCCS. Accordingly, the Court dismisses all of Plaintiff's claims under Section 1983 against DOCCS under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see* 28 U.S.C. § 1915(e)(2(B)(iii).

**B.    Identified "John Doe" and "Jane Doe" defendants**

Under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v.*

*NYC Dep't of Corrs.*, No. 19-CV-5909 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

Plaintiff refers to many of the individual defendants, in the caption of his complaint, as unidentified "John Doe" or "Jane Doe" GHCF staff members, but then identifies them by name and/or position within the text of the complaint; they include: (1) "PH Ashonda"; (2) the GHCF Deputy Superintendent of Health Services; (3) Correctional Officer Celice; (4) Correctional Officer Pellot; (5) Correctional Sergeant Fox; (6) Correctional Sergeant Laino; (7) Correctional Officer Jackson; (8) Correctional Sergeant Cahon; (9) Correctional Officer Williams; and (10) the GHCF Deputy Superintendent of Security. (ECF 1, at 3-5.) In light of Plaintiff's *pro se* status and his allegations, the Court understands Plaintiff's complaint as asserting additional claims against those individuals. Accordingly, the Court directs the Clerk of Court to add those individuals as defendants in this action, under Rule 21. This amendment is without prejudice to any defenses those individuals may wish to assert.

**C.     Service on the identified defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

To allow Plaintiff to effect service on (1) GHCF Superintendent Mark Miller; (2) PH Ashonda; (3) the GHCF Deputy Superintendent of Health Services; (4) Correctional Officer Celice; (5) Correctional Officer Pellot: (6) Correctional Sergeant Fox; (7) Correctional Sergeant Laino; (8) Correctional Officer Jackson; (9) Correctional Sergeant Cahon; (10) Correctional Officer Williams; and (11) the CHCF Deputy Superintendent of Security, through the USMS, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service upon those defendants.

If the complaint is not served on those defendants within 90 days after the date that summonses for those defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.     The unidentified defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and a defendant's proper service address. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to provide the identities (and, if appropriate, shield numbers) as well as service addresses of those defendants not otherwise identified; they include: (1) "the person Plaintiff [saw] at the emergency clinic in [the GHCF], when officers finally permitted [him] to see emergency assistance after . . . two days"; (2) a nurse described as "an older Muslim [w]oman [who] dispensed . . . medication during the [GHCF] [l]ockdown, [at] G-Block (3-company) on or

5

around October 8, 2023[,] at approximately 7:45 pm"; (3) "the [C]orrectional [O]fficer . . . that worked [the GHCF] G-Block (3-company) on October 4, 2023, [during the] 7 am to 3 pm shift"'; (4) the DOCCS "Deputy Commissioner . . . who took control of [GHCF] after it [was] put on 'Facility Lockdown' [s]tatus on October 4, 2023"; (5) the GHCF Correctional Sergeant assigned to the GHCF's "G-Block" on October 5, 2023, during the 7 a.m. to 3 p.m. shift; and (6) the GHCF African-American Correctional Sergeant who, though present on the GHCF "G-Block" on October 5, 2023, was not the Correctional Sergeant assigned to that block on that date. (ECF 1, 3-4.) It is therefore ordered that the Attorney General of the State of New York, who is the attorney for and agent of DOCCS, must ascertain the identities (and, if appropriate, shield numbers) of those unidentified defendants, as well as their service addresses. The Attorney General must provide this information to the Court and to Plaintiff within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as defendants and providing their service addresses. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly identified defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

For the reasons discussed above, the Court: (1) dismisses Plaintiff's claims against DOCCS; (2) also directs the Clerk of Court to add as defendants to the caption of this action, under Rule 21 of the Federal Rules of Civil Procedure, those individuals whom Plaintiff refers to as unidentified "John Doe" or "Jane Doe" defendants but identifies them by name and/or

position, including: (a) "PH Ashonda," (b) the GHCF Deputy Superintendent of Health Services, (c) Correctional Officer Celice, (d) Correctional Officer Pellot, (e) Correctional Sergeant Fox, (f) Correctional Sergeant Laino, (g) Correctional Officer Jackson, (h) Correctional Sergeant Cahon, (i) Correctional Officer Williams, and (j) the GHCF Deputy Superintendent of Security; (3) directs service on all of the individual identified defendants; and (4) directs the Attorney General of the State of New York to provide the Court and Plaintiff with the identities (and, if appropriate, shield numbers), as well as service addresses of those defendants who are not otherwise identified.

The Court further directs the Clerk of Court to: (1) issue summonses for (a) GHCF Superintendent Mark Miller, (b) "PH Ashonda," (c) the GHCF Deputy Superintendent of Health Services, (d) Correctional Officer Celice, (e) Correctional Officer Pellot, (f) Correctional Sergeant Fox, (g) Correctional Sergeant Laino, (h) Correctional Officer Jackson, (i) Correctional Sergeant Cahon, (j) Correctional Officer Williams, and (k) the GHCF Deputy Superintendent of Security; (2) complete USM-285 forms with the service addresses for those defendants, and; (3) deliver all documents necessary to effect service on those defendants to the USMS.

The Court additionally directs the Clerk of Court to mail a copy of this order and a copy of the complaint to the Attorney General of the State of New York, at 28 Liberty Street, New York, New York 10005.

An amended complaint form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:　August 21, 2024
　　　　While Plains, New York

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　CATHY SEIBEL
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Superintendent Mark Miller
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. PH Ashonda
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

3. Deputy Superintendent of Health Services
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Correctional Officer Celice
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

5. Correctional Officer Pellot
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

6. Correctional Sergeant Fox
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

7. Correctional Sergeant Laino
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

8. Correctional Officer Jackson
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

9. Correctional Sergeant Cahon
   Green Haven Correctional Facility

    594 Route 216
    Stormville, New York 12582-0010

10. Correctional Officer Williams
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

11. Deputy Superintendent of Security
    Green Haven Correctional Facility
    594 Route 216
    Stormville, New York 12582-0010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name          Middle Initial          Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City          State          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

**IV.     DEFENDANT INFORMATION**

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                                    Plaintiff's Signature

_____          _____
First Name            Middle Initial            Last Name

_____
Prison Address

_____
County, City                                        State                        Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6