UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GERMAINE MONTES,

                Plaintiff,

-against-

MARK MILLER (SUPERINTENDENT), et al.,

                Defendants.

7:24-CV-4141 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff Germaine Montes, who is appearing *pro se* and is currently incarcerated in the Green Haven Correctional Facility ("GHCF"), brings this action under 42 U.S.C. § 1983, seeking damages, injunctive relief, and retrospective declaratory relief. Plaintiff sued GHCF Superintendent Mark Miller and the New York State Department of Corrections and Community Supervision ("DOCCS"), as well as several "John Doe" and "Jane Doe" defendants, and other unidentified defendants, alleged to be employed at the GHCF. By order dated July 12, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (ECF No. 6.)

    By order dated August 21, 2024, the Court dismissed the claims against DOCCS. (ECF No. 8.) The Court instructed the Clerk of Court to add as defendants those individuals who were named in the complaint as unidentified "John Doe" or "Jane Doe" GHCF staff members but identified by name and/or position in the text of the complaint. (*Id.*) These added defendants included: (1) "PH Ashonda"; (2) the GHCF Deputy Superintendent of Health Services; (3) Correctional Officer Celice; (4) Correctional Officer Pellot; (5) Correctional Sergeant Fox;

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(6) Correctional Sergeant Laino; (7) Correctional Officer Jackson; (8) Correctional Sergeant Cahon; (9) Correctional Officer Williams; and (10) the GHCF Deputy Superintendent of Security.[2]  (*Id.*)  The Court directed service on all identified defendants, including GHCF Superintendent Mark Miller and the newly added defendants.  (*Id.*)  The Clerk issued the summonses, and the U.S. Marshals Service executed service on all identified individuals.

The Court also issued a *Valentin* order directing the Attorney General of the State of New York to provide the Court and Plaintiff with the identities (and, if appropriate, shield numbers) as well as service addresses of those defendants who were not otherwise identified.  (*Id.*)  On October 15, 2024, the New York State Assistant Attorney General filed a letter providing the names and addresses of four potential new defendants:  Katelyn Richburg, J. Noeth, Sergeant Glore, and Kelvin Salters.  (ECF No. 13.)  In a letter dated October 24, 2024, Plaintiff provided additional information about the remaining unidentified defendants, and on October 30, 2024, the Court ordered the Assistant Attorney General to respond.  (ECF No. 16.)  On December 2, 2024, the Assistant Attorney General provided the names and addresses of two additional potential defendants:  Lilieth Chambers and Robert Stark.  (ECF No. 17.).  In a letter dated December 10, 2024, the Plaintiff replied that the Assistant Attorney General had incorrectly identified Robert Stark.  (ECF No. 21.)  On December 27, 2024, the Court ordered the Plaintiff to provide more information regarding the remaining unidentified defendant.  (ECF No. 22.)  Based on the additional information from Plaintiff, the Assistant Attorney General provided the name of the final potential defendant, Armand Pastilha, on February 12, 2025.  (ECF No. 34.)

---

[2] The Amended Complaint corrects the names of these individuals to (1) Mary Ashong; (2) Billie Tuohy; (3) Marcus Calice; (4) Raymond Pellot; (5) Sergeant Fox; (6) Nicholas Laino; (7) Jerromey Jackson; (8) C.O. Cahon; (9) Keron Williams; and (10) James Leconey.  (ECF No. 38 ("AC").)

On March 24, 2025, after being granted several extensions of time to file an amended complaint while the remaining defendants were identified, Plaintiff filed the Amended Complaint naming the additional defendants. (AC.)

### DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on (1) Katelyn Richburg; (2) J. Noeth; (3) Sergeant Glore; (4) Kelvin Salters; (5) Lilieth Chambers; and (6) Armand Pastilha, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service upon those defendants.

If the AC is not served on those defendants within 90 days after the date that summonses for those defendants have issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

---

[3]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendants (1) Katelyn Richburg; (2) J. Noeth; (3) Sergeant Glore; (4) Kelvin Salters; (5) Lilieth Chambers; and (6) Armand Pastilha.  The Clerk of Court is instructed to then complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

**SO ORDERED.**

Dated: March 26, 2025
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Katelyn Richburg
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

2. J. Noeth
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus
   1220 Washington Avenue
   Albany, New York 12226-1800

3. Sergeant Glore
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

4. Kelvin Salters
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

5. Lilieth Chambers
   Green Haven Correctional Facility
   594 Route 216
   Stormville, New York 12582-0010

6. Armand Pastilha
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus
   1220 Washington Avenue
   Albany, New York 12226-1800